IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BENNIE EARL HICKMAN**     **PLAINTIFF**

v.     **No. 4:20CV91-DAS**

**WARDEN MORRIS**
**DEPUTY WARDEN LEE SIMON**
**LIEUTENANT HAMP**
**C/O BUTLER**
**C/O PARKER**
**C/O TOWNSEND**
**SUPERINTENDENT MARSHAL TURNER**     **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] The plaintiff alleges that the defendants failed to protect him from attack by other inmates, placed him in unconstitutionally harsh general conditions of

---

[1] 28 U.S.C. § 1915(g).

confinement, and used excessive force against him in retaliation for his complaining about the conditions at the Mississippi State Penitentiary.

For the reasons set forth below, defendants Warden Morris, Deputy Warden Lee Simon, and Lieutenant Hamp will be dismissed with prejudice from this suit for failure to state a claim against them upon which relief could be granted. The plaintiff's claims against Defendant Corrections Officers Butler, Parker, and Townsend regarding failure to protect and retaliation will proceed, as will the plaintiff's claim against defendant Townsend for use of excessive force. Finally, the plaintiff's claim against Superintendent Marshal Turner for providing unconstitutionally harsh general conditions of confinement will also proceed.

**Allegations**

The events at issue occurred from March 24, 2018, through October 8, 2019, at the Mississippi State Penitentiary. Officers let some of the inmates have keys, including keys to the zone and cells, including "Inmate John," a known gang member who would release his fellow gang members so they could attack other inmates. Sometimes officers assist the inmates in their efforts to attack other inmates, then turn their backs and let it happen. Officers Butler, Parker, and Townsend let four inmates in to the plaintiff's cell to beat him for speaking up about the problems in the unit. Butler gave keys to the inmates. Parker made no effort to stop the attack. Two inmates guarded the door with shanks, while the other two attacked him, knocking him to the floor – kicking, punching, and stomping him. He could not call for help because he believed the two armed inmates would kill him. He now suffers back pain and headaches from the attack. Later on, Officer Parker came by and said, "You won't say anything else about us giving our guys the keys, you see what it get you. You lucky I didn't let them kill you." Other inmates have been attacked in this way, as well.

Officer Townsend would sometimes antagonize and attack inmates, then issue rule violations against them for defending themselves. Townsend injured the plaintiff during such an altercation, and the plaintiff was treated for injuries at the medical clinic.

Housing conditions at Parchman are unconstitutionally harsh. Inmates must defecate in plastic bags because the toilets do not work. Black mold grows in various damp places. Sewage gets on the floors. Showers are few and far between. The plumbing is often broken. The blowers used to cool the cells have been dead for two or three years. Violence is prevalent. Rats and mice infest the units. Running water and electricity fail for days at a time, and water from various sources floods some cells. When Mr. Hickman notified Superintendent Turner, he responded, "Just deal with it. You ain't dead yet. Tell the State to give us some more money, then maybe we might fix something. Until then, y'all fix it. Now get away from my bars and sit on your bunk before I take you to the hole." When Hickman complained again, Turner turned to Lieutenant Hamp and said, "Since he kept talking, take his property for 24 hours," and Hamp did so. After their belongings had been taken, Hickman and his cell mate had only a mattress to sleep on, and the cell was cold that night.

*Supervisor Liability*

Defendants Warden Morris, Deputy and Warden Lee Simon must be dismissed because their involvement with these events arises entirely from their roles as supervisors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot

proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that defendants Warden Morris and Deputy Warden Lee Simon had any personal involvement or were causally connected to the incident in any way. As such, these allegations must be dismissed as to defendants Morris and Simon for failure to state a constitutional question.

## Remaining Defendants and Claims

The plaintiff has stated a claim against Superintendent Marshal Turner for providing unconstitutionally harsh general conditions of confinement. He has also stated a claim against Corrections Officers Butler, Parker, and Townsend for failure to protect him from attack by other inmates and for retaliation. Finally, he has stated a claim against defendant Townsend for use of excessive force.

## Conclusion

For the reasons set forth above, defendants Morris and Simon will be dismissed with prejudice from this case for failure to state a claim against them upon which relief could be granted. The claims against defendant Marshal Turner regarding general conditions of confinement will proceed, as will

the plaintiff's claim against defendant Townsend for use of excessive force. Finally, the plaintiff's claims against defendants Butler, Parker, and Townsend for failure to protect and retaliation will also proceed. A judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 26th day of March, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE
